Gerald L. Warren, OSB #814146
*gwarren@geraldwarrenlaw.com*
Law Office of Gerald L. Warren and Associates
901 Capitol St. NE
Salem, OR 97301
   Telephone: (503) 480-7250
   Fax: (503) 779-2716
    Attorney for Defendants Polk County and
   Deputy Michael H. Smith ("County defendants")

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KEVIN BRATCHER, | Case No. 3:20-cv-02056-SB |
| Plaintiff, | |
| v. | **COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| POLK COUNTY; CITY OF SALEM; DEPUTY MICHAEL H. SMITH, in his individual capacity; and DOES 1-4, in their individual capacity, | **(Request for Jury Trial)** |
| Defendants. | |

For their Answer to plaintiff's First Amended Complaint, Polk County and Deputy Michael H. Smith ("County defendants") hereby admit, deny and allege as follows:

1.

Admit paragraphs 1, 2 and 4.

2.

In response to paragraphs 3 and 5, County defendants are without sufficient knowledge or information without further identification of the Doe defendants to admit or deny and on this basis, deny the allegations.

Page 1 – **COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

3.

In response to paragraphs 6, 7 and 8, these are plaintiff's jurisdictional and venue allegations and statement of claims to which no response is required. County defendants do not contest jurisdiction or venue, only the underlying facts.

4.

Admit paragraph 9.

5.

In response to paragraphs 10, 11, 12, 13 and 14, admit that on September 6, 2019, Deputy Smith served legal process that included a Summons and Complaint for monies owed and that plaintiff threw the documents out the door of his home and subsequently pursued the deputy and threw the documents again into the street and then ran back to his house while Deputy Smith pursued plaintiff for the crime just committed in his presence and as plaintiff slammed the front door, Deputy Smith kicked the door and entered the residence in pursuit for the purpose of arresting plaintiff and used the force necessary to effect plaintiff's arrest. Except as so admitted, deny the allegations.

6.

In response to paragraph 15, County defendants are without sufficient knowledge or information to admit or deny the allegations without further information and on this basis, deny them. To the extent plaintiff's allegations are directed against non-answering defendants, County defendants are without sufficient knowledge or information to admit or deny the allegations without further information and on this basis, deny them.

/ / /

/ / /

7.

In response to paragraphs 16, 17 and 18, admit that plaintiff was handcuffed and detained in Deputy Smith's patrol car and was subsequently released, but except as so admitted, deny the allegations. To the extent plaintiff's allegations are directed against non-answering defendants, County defendants are without sufficient knowledge or information to admit or deny the allegations without further information and on this basis, deny them.

8.

Deny paragraphs 19, 20 and 21.

9.

In response to paragraph 22, admit and deny as alleged above in response to paragraphs 1 through 21.

10.

Deny paragraphs 23, 24 and 25. To the extent plaintiff's allegations are directed against non-answering defendants, County defendants are without sufficient knowledge or information to admit or deny the allegations without further information and on this basis, deny them.

11.

In response to paragraph 26, admit and deny as alleged above in response to paragraphs 1 through 25.

12.

Deny paragraphs 27, 28 and 29. To the extent plaintiff's allegations are directed against non-answering defendants, County defendants are without sufficient knowledge or information to admit or deny the allegations without further information and on this basis, deny them.

/ / /

13.

In response to paragraph 30, admit and deny as alleged above in response to paragraphs 1 through 29.

14.

Deny paragraphs 31, 32, 33 and 34.

15.

In response to paragraph 35, admit and deny as alleged above in response to paragraphs 1 through 34.

16.

Deny paragraphs 36, 37, 38 and 39.

17.

In response to paragraph 40, admit and deny as alleged above in response to paragraphs 1 through 39.

18.

In response to paragraph 41, this is a legal conclusion which requires no response.

19.

Deny paragraphs 42, 43, 44 and 45. To the extent plaintiff's allegations are directed against non-answering defendants, County defendants are without sufficient knowledge or information to admit or deny the allegations without further information and on this basis, deny them.

/ / /

/ / /

FOR A FIRST AFFIRMATIVE DEFENSE, County defendants allege:

(Immunity Under ORS 133.315(1))

20.

Deputy Smith and the County are immune from liability under ORS 133.315(1) and ORS 30.265(6)(d) in that plaintiff was subject to lawful arrest and Deputy Smith acted in good faith and without malice.

FOR A SECOND AFFIRMATIVE DEFENSE, County defendants allege:

(Subject to OTCA)

21.

Plaintiff's tort claims are subject to the Oregon Tort Claims Act, ORS 30.260 *et seq.* and the privileges, limitations and immunities contained therein to include ORS 30.265(6)(f).

FOR A THIRD AFFIRMATIVE DEFENSE, County defendants allege:

(Force Incident to Arrest)

22.

Any force used on plaintiff was reasonable and necessary and incident to his arrest under ORS 133.235.

FOR A FOURTH AFFIRMATIVE DEFENSE, County defendants allege:

(Pursuit After Crime Committed by Plaintiff)

23.

Deputy Smith at all times was in immediate pursuit of plaintiff after plaintiff had committed a crime in Deputy Smith's presence.

/ / /

/ / /

FOR A FIFTH AFFIRMATIVE DEFENSE, County defendants allege:

(Comparative Negligence)

24.

Plaintiff's injuries, if any, were caused by his own conduct in not accepting civil process with foreseeable results when he followed Deputy Smith and tossed the papers into the street; in unreasonably running from Deputy Smith after being told to stop; in closing his front door knowing that Deputy Smith was in pursuit behind him; and in failing to stop and immediately subject himself to law enforcement authority.

FOR A SIXTH AFFIRMATIVE DEFENSE, County defendants allege:

(Qualified Immunity)

25.

Deputy Smith did not knowingly violate any right of plaintiff while in hot pursuit into plaintiff's residence to arrest him or otherwise.

FOR A SEVENTH AFFIRMATIVE DEFENSE, County defendants allege:

(Justification)

26.

Deputy Smith's contact and force used on plaintiff was justified under the circumstances.

WHEREFORE, having fully responded to plaintiff's Complaint, County defendants request judgment in their favor and against plaintiff with an award of costs and attorney fees as the prevailing parties under 42 U.S.C. § 1988.

DATED this 19th day of May, 2021.

                                                 s/ Gerald L. Warren
                                                Gerald L. Warren, OSB #814146
                                                Attorney for County Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing COUNTY DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT on:

> Kevin T. Lafky
> Lafky & Lafky
> 429 Court Street NE
> Salem, OR 97301
>     Attorney for Plaintiff

by the following indicated method or methods:

☒  by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

◻  by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

◻  by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 19th day of May, 2021.

                    s/ Gerald L. Warren
                    Gerald L. Warren, OSB #814146
                    Attorney for County Defendants