**Jennifer M. Gaddis**, OSB No. 071194
jgaddis@cityofsalem.net
City of Salem, Legal Department
555 Liberty St. SE, Room 205
Salem, Oregon 97301
Telephone: (503) 588-6003
Facsimile: (503) 361-2202
          Attorney for Defendant City of Salem

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEVIN BRATCHER, | Case No. 3:20-CV-02056-SB |
| Plaintiff, | |
| v. | **DEFENDANT CITY OF SALEM'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| POLK COUNTY, CITY OF SALEM, DEPUTY MICHAEL H. SMITH, in his individual capacity, and DOES 1-2, in their individual capacity, | |
| | DEMAND FOR JURY TRIAL |
| Defendants. | |

For its answer to Plaintiff's First Amended Complaint, Defendant City of Salem ("City")

admits, denies, and alleges as follows:

**GENERAL RESPONSE**

The City denies each and every allegation of Plaintiff's Complaint not expressly admitted

herein.

1.

The City has insufficient knowledge or information to admit or deny paragraph 1 and

therefore denies.

///

2.

In answer to the allegation in paragraph 2, the allegations are not directed to the City and therefore no response is required.

3.

The City admits that the City of Salem is a local governmental entity. The City denies the allegations related to Defendants DOES 1-2 as identified by Plaintiff.

4.

In answer to the allegation in paragraph 4, the allegations are not directed to the City and therefore no response is required.

5.

In City has insufficient knowledge or information to admit or deny the allegations in paragraph 5 and therefore the City denies them.

6.

The City admits that jurisdiction is proper.

7.

The City admits that jurisdiction is proper.

8.

The City admits that venue is proper.

9.

The City admits Plaintiff gave tort claim notice on or about December 3, 2019.

10.

The City has insufficient knowledge or information to admit or deny the allegations in paragraph 10 and therefore the City denies them.

///

///

///

11.

The City has insufficient knowledge or information to admit or deny the allegations in paragraph 11 and therefore the City denies them.

12.

The City has insufficient knowledge or information to admit or deny the allegations in paragraph 12 and therefore the City denies them.

13.

The City has insufficient knowledge or information to admit or deny the allegations in paragraph 13 and therefore the City denies them.

14.

The City has insufficient knowledge or information to admit or deny the allegations in paragraph 14 and therefore the City denies them.

15.

The City admits that Salem Police Department responded to a "code 3" call for assistance from Polk County Sherriff's Office. The City admits that when officers arrived, Plaintiff was already in handcuffs. The City denies the remaining allegations in paragraph 15.

16.

The City admits that Salem Police officers escorted Plaintiff to Deputy Smith's patrol car. The City denies the remaining allegations in paragraph 16.

17.

The City has insufficient knowledge or information to admit or deny the allegations in paragraph 17 and therefore the City denies them.

18.

The City has insufficient knowledge or information to admit or deny the allegations in paragraph 18 and therefore the City denies them.

///

19.

The City has insufficient knowledge or information to admit or deny the allegations in paragraph 19 and therefore the City denies them. The City denies that Plaintiff if entitled to the relief requested.

20.

The City has insufficient knowledge or information to admit or deny the allegations in paragraph 20 and therefore the City denies them. The City denies that Plaintiff if entitled to the relief requested.

21.

The City has insufficient knowledge or information to admit or deny the allegations in paragraph 21 and therefore the City denies them.

22.

Paragraph 22 does not require a response from the City.

23.

Most of the allegations in paragraph 23 are not directed at the City. The City denies the allegations in paragraph 23 as they apply to the City.

24.

Most of the allegations in paragraph 24 are not directed at the City. The City denies the allegations in paragraph 24 as they apply to the City.

25.

The City has insufficient knowledge or information as to the allegations in paragraph 25. The City denies that Plaintiff is entitled to the relief requested.

26.

Paragraph 26 does not require a response from the City.

///

///

27.

Most of the allegations in paragraph 27 are not directed at the City. The City denies the allegations in paragraph 27 as they apply to the City.

28.

Most of the allegations in paragraph 28 are not directed at the City. The City denies the allegations in paragraph 28 as they apply to the City.

29.

The City has insufficient knowledge or information as to the allegations in paragraph 29. The City denies that Plaintiff is entitled to the relief requested.

30.

Paragraphs 30 through 39 are not directed at the City and therefore no response from the City is required.

31.

Paragraphs 40 and 41 do not require a response from the City.

32.

The City has insufficient knowledge or information to admit or deny the allegations in paragraph 42 and the City therefore denies them.

33.

The City denies paragraphs 43 through 45.

34.

Except as admitted above, the City denies and each and every remaining allegation of Plaintiff's First Amended Complaint and the whole thereof.

///

///

///

///

FOR A FIRST AFFIRMATIVE DEFENSE, the City alleges:

(Immunity Under ORS 133.315(1))

35.

The City is immune from liability under ORS 133.315(1) and ORS 30.265(6)(d) in that Plaintiff was subject to lawful arrest and the unidentified Salem Police officers acted in good faith and without malice.

FOR A SECOND AFFIRMATIVE DEFENSE, the City alleges:

(Subject to OTCA)

36.

Plaintiff's tort claims are subject to the Oregon Tort Claims Act, ORS 30.260 et seq. and the privileges, limitations and immunities contained therein to include ORS 30.265(6)(f).

FOR A THIRD AFFIRMATIVE DEFENSE, the City alleges:

(Force Incident to Arrest)

37.

Any force used on Plaintiff was reasonable and necessary and incident to his arrest under ORS 133.235.

FOR A FOURTH AFFIRMATIVE DEFENSE, the City alleges:

(Comparative Negligence)

38.

Plaintiff's injuries, if any, were caused by his own conduct with foreseeable results in failing to stop and immediately subject himself to law enforcement authority.

///

///

///

///

///

FOR A FIFTH AFFIRMATIVE DEFENSE, the City alleges:

(Qualified Immunity)

39.

The unidentified Salem Police officers are entitled to qualified immunity from the claims against them in that their conduct did not violate any clearly established right of Plaintiff under the circumstances.

FOR A SIXTH AFFIRMATIVE DEFENSE, the City alleges:

(Justification)

40.

The unidentified Salem Police officers' contact and alleged force used on Plaintiff was justified under the circumstances.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, the City prays for a judgment in their favor, for dismissal of Plaintiff's First Amended Complaint with prejudice and in its entirety, for an award of costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate.

DATED: May 20, 2021.

s/ Jennifer M. Gaddis
Jennifer M. Gaddis, OSB 071194
jgaddis@cityofsalem.net
Attorney for Defendant City of Salem