**Jennifer M. Gaddis**, OSB No. 071194
jgaddis@cityofsalem.net
City of Salem, Legal Department
555 Liberty St. SE, Room 225
Salem, Oregon 97301
Telephone: (503) 588-6003
Facsimile: (503) 361-2202
      Attorney for City Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEVIN BRATCHER,<br><br>    Plaintiff,<br><br>    v.<br><br>POLK COUNTY, CITY OF SALEM, DEPUTY MICHAEL H. SMITH, in his individual capacity, and DOES 1-2, in their individual capacity,<br><br>    Defendants. | Case No. 3:20-CV-02056-SB<br><br>**DECLARATION OF SGT. JASON DONNER IN SUPPORT OF CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

    I, Jason Donner, hereby declare under penalty of perjury that the following is true and correct:

    1.    I am a law enforcement officer employed by the City of Salem Police Department. I make this declaration based on personal knowledge and am competent to testify as to the matters stated herein.

    2.    At 11:12 a.m., on September 6, 2019, I heard a radio request for "code 3" assistance from a Polk County Sherriff's Deputy who reported that the suspect was actively resisting at 2701 Roosevelt Loop NW, Salem, Oregon.

3.     I later determined that the Polk County Sherriff Deputy was named Deputy Michael Smith.

4.     Based on my training and experience as a law enforcement officer, I know that a code 3 request for assistance means that the requesting officer is asking for backup to arrive with their vehicle's lights and sirens on.

5.     Based on my training and experience as a law enforcement officer, I know that a code 3 request for assistance means that the requesting officer is in a high-risk situation and needs assistance right away.

6.     At 11:13 a.m., Salem Police Officer Chad Galusha and I responded that we were in route to assist Deputy Smith.

7.     I arrived under four minutes after Deputy Smith's code 3 request went out over the radio. Officer Chad Galusha arrived shortly after I did.

8.     Upon my arrival, I observed a chaotic scene. Household items were strewn about the entryway of the residence, I heard yelling and Deputy Smith had his taser out of its holster.

9.     I observed plaintiff, the arrested individual, handcuffed in the front. This concerned me because it is inconsistent with proper handcuff placement in typical arrest situations, under Salem Police Department guidelines. Based on my training and experience as a law enforcement officer, I know that cuffing a suspect in the front of their body allows them to have movement and control of their arms. This can create an opportunity for a violent suspect to harm law enforcement officers or others.

10.    At Deputy Smith's request, I assisted Deputy Smith with transporting plaintiff to Deputy Smith's patrol vehicle.

11.    With Deputy Smith on the right side of plaintiff, I held plaintiff's left bicep and helped Deputy Smith lead him to the vehicle. Given the location of Deputy Smith's handcuffs on plaintiff and my understanding that he had just actively resisted arrest, it was important that I hold onto plaintiff's bicep as he walked to the car to maintain some control over him.

PAGE 2 – DECLARATION OF SGT. JASON DONNER

12. I did not hold onto plaintiff's bicep in rough manner, nor did I intentionally cause him any injury.

13. Shortly after assisting Deputy Smith with placing plaintiff in the Polk County vehicle, Officer Galusha and I cleared the scene.

14. Plaintiff's counsel, Mr. Marcus Vejar, deposed me regarding the facts of this case on or about November 19, 2021.

**I hereby declare under penalty of perjury that the foregoing is true and correct.**

DATED: January 28, 2022.

                                                 *s/ Jason Donner*
                                               Sergeant Jason Donner