**Jennifer M. Gaddis**, OSB No. 071194
jgaddis@cityofsalem.net
City of Salem, Legal Department
555 Liberty St. SE, Room 225
Salem, Oregon 97301
Telephone: (503) 588-6003
Facsimile: (503) 361-2202
    Attorney for City Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEVIN BRATCHER,<br><br>    Plaintiff,<br><br>    v.<br><br>POLK COUNTY, CITY OF SALEM, DEPUTY MICHAEL H. SMITH, in his individual capacity, and DOES 1-2, in their individual capacity,<br><br>    Defendants. | Case No. 3:20-CV-02056-SB<br><br>**DECLARATION OF OFCR. CHAD GALUSHA IN SUPPORT OF CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

    I, Chad Galusha, hereby declare under penalty of perjury that the following is true and correct:

    1.    I am a law enforcement officer employed by the City of Salem Police Department. I make this declaration based on personal knowledge and am competent to testify as to the matters stated herein.

    2.    At 11:12 a.m., on September 6, 2019, I heard a radio request for "code 3" assistance from a Polk County Sherriff's Deputy who reported that the suspect was actively resisting at 2701 Roosevelt Loop NW, Salem, Oregon.

3. I later determined that the Polk County Sherriff Deputy was named Deputy Michael Smith.

4. Based on my training and experience as a law enforcement officer, I know that a code 3 request for assistance means that the requesting officer is asking for backup to arrive with their vehicle's lights and sirens on.

5. Based on my training and experience as a law enforcement officer, I know that a code 3 request for assistance means that the requesting officer is in a high-risk situation and needs assistance right away.

6. At 11:13 a.m., Salem Police Sergeant Jason Donner and I responded that we were in route to assist Deputy Smith.

7. I arrived under four minutes after Deputy Smith's code 3 request went out over the radio, shortly after Sergeant Donner arrived on scene.

8. Upon my arrival, I observed a chaotic scene. The door of the residence had been broken off of its hinges and pieces of it were lying inside of the residence. I observed plaintiff yelling at Deputy Smith and I observed that Deputy Smith had his taser out of its holster.

9. I observed plaintiff, the arrested individual, handcuffed in the front. This concerned me because it is inconsistent with proper handcuff placement in typical arrest situations, under Salem Police Department guidelines. Based on my training and experience as a law enforcement officer, I know that cuffing a suspect in the front of their body allows them to have movement and control of their arms. This can create an opportunity for a violent suspect to harm law enforcement officers or others.

10. At Deputy Smith's request, Sgt. Donner assisted Deputy Smith with transporting plaintiff to Deputy Smith's patrol vehicle.

11. At no time did I observe Sgt. Donner hold onto plaintiff's bicep in rough manner.

12. Shortly after Sgt. Donner assisted Deputy Smith with placing plaintiff in the Polk County vehicle, Sgt. Donner and I cleared the scene.

13.     Plaintiff's counsel, Mr. Marcus Vejar, deposed me regarding the facts of this case on or about November 19, 2021.

**I hereby declare under penalty of perjury that the foregoing is true and correct.**

DATED: January 28, 2022.

s/ Chad Galusha<br>
Officer Chad Galusha