Kenneth S. Montoya
*kenny@montoyahisellaw.com*
Law Offices of Montoya, Hisel and Associates
901 Capitol St. NE
Salem, OR 97301
   Telephone: (503) 480-7252
   Fax: (503) 779-2716
    Attorney for Defendants Polk County and,
      Deputy Michael H. Smith

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

KEVIN BRATCHER,

                Plaintiff,

      v.

POLK COUNTY; CITY OF SALEM;
DEPUTY MICHAEL H. SMITH, in his
individual capacity; and DOES 1-4, in their
individual capacity,

                Defendants.

Case No. 3:20-cv-02056-SB

**DECLARATION OF DEPUTY
MICHAEL H. SMITH IN SUPPORT OF
COUNTY DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

I, Michael H. Smith, hereby declare under penalty of perjury that the following is true and correct:

    1.     I am currently a Deputy at the Polk County Sheriff's Office. I have worked as a sworn Deputy Sheriff with Polk County since September 18, 2014. This Declaration is offered for the purposes of presenting testimony in support of the material facts relevant to and in support of County Defendants' Motion for Summary Judgment. I would testify to the truth of these matters at any proceeding in this case.

2.      On September 6, 2019, at approximately 10:02 a.m., I went to plaintiff's residence to serve a Notice of Small Claim to Keely Bratcher, plaintiff's wife. At the time, I knew that a Polk County Sheriff's Office volunteer, John Brown, had previously attempted to serve Ms. Bratcher on August 29, 2019. Mr. Brown noted that Ms. Bratcher refused to accept the service and Mr. Brown did not know that she was not allowed to refuse service, so he returned the service documents to the Sheriff's Office.

3.      Upon my arrival at the Bratcher's residence, plaintiff answered the door and told me that Ms. Bratcher was out of town on vacation. I later learned that plaintiff had lied to me as his wife was not out of town nor on vacation. Plaintiff argued with me and insisted that the debt in the claim had already been paid. I explained that my job was to serve the paperwork, not to adjudicate the underlying Small Claims Court lawsuit, *Ray Klein Inc. v. Keely Bratcher*, Polk County Circuit Court Case No. 19SC28316. I suspected plaintiff was lying about his wife being on vacation and tried to effect service by telling him that another deputy may attempt service at 3:00 a.m. to contact her at a time she was home. At the time, I mistakenly believed that plaintiff could refuse service, so I left the home with the paperwork and intended to serve Ms. Bratcher personally at a later time.

4.      After my telephone call with Sergeant Ball, I confirmed plaintiff's identity through DMV records and returned to plaintiff's home at approximately 11:07 a.m. When plaintiff answered the door, I confirmed that he was Kevin Bratcher and I advised him that I was recording our conversation. Plaintiff informed me that he was also recording our conversation. I explained that I had spoken with Sergeant Ball and that no one would be serving papers at 3:00 a.m. Also, I explained that plaintiff could not refuse service and attempted to hand plaintiff the service documents but, plaintiff turned around and went inside his house. As plaintiff was

closing the door, I tossed the paperwork into the house and told him, "you've been served" and began to walk to my police vehicle.

5.    As I was walking away, I heard plaintiff yelling, and told him he had already been served and kept walking to my police vehicle. I observed that plaintiff followed me to the end of his driveway and threw the service papers from his driveway toward the road and walked back toward his house. I observed the paperwork landed in the street and believed I had probable cause that plaintiff violated ORS 164.805 (Offensive Littering).

6.    Since I saw plaintiff commit a crime, I loudly and clearly ordered plaintiff to stop. Plaintiff ignored my multiple commands to stop and fled to his front door, made eye contact with me, and quickly shut the door before I could reach him. I believed that plaintiff's door was slightly ajar and would swing open with minimal damage to the door. However, when I kicked the door, the door itself did not open but the door's insert dislodged and landed on the floor inside the house. I entered the home, took hold of plaintiff's left arm, and told plaintiff he was under arrest. I attempted to put plaintiff's arm behind his back to handcuff him, but plaintiff used his physical strength to resist my efforts. I used my radio to call for emergency backup. I ordered plaintiff to get on the ground and put his hands behind his back, but plaintiff refused to comply and argued with me and demanded that I let him go. *Id*. I warned plaintiff several times that I would use my Taser on him but, realized that although plaintiff was resisting my attempts to put him in handcuffs, he was not trying to assault me nor trying to flee. As a result, I decided to change my tactics while waiting for backup officers to arrive.

7.    Before backup officers arrived, plaintiff demanded to sit down, so I escorted him to a nearby staircase to sit. Plaintiff told me that he could not be handcuffed behind his back due to a medical condition, so I placed the handcuffs in front of his body. Plaintiff's dogs were

barking, and plaintiff was concerned about them escaping, so I assisted plaintiff in securing his dogs. Plaintiff then sat in a chair in the front room. A few minutes later, backup officers arrived and escorted plaintiff to my patrol vehicle. I issued plaintiff a citation for Offensive Littering and Interfering with a Peace Officer.

8.      Attached to this Declaration as Exhibit 1 are photographs of the service documents I served on plaintiff, lying in the street in front of his driveway.

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 27th day of January, 2022.

s/Michael H. Smith
_____
Deputy Michael H. Smith

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DECLARATION OF DEPUTY MICHAEL H. SMITH IN SUPPORT OF COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON on:

> Kevin T. Lafky
> Tonyia J. Brady
> Lafky & Lafky
> 429 Court Street NE
> Salem, OR 97301
>     Attorneys for Plaintiff
>
> Jennifer M. Gaddis
> City of Salem Legal Department
> 555 Liberty St. SE, Room 225
> Salem, OR 97301
>     Attorney for City of Salem

by the following indicated method or methods:

☒      by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

     by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

     by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 28th day of January, 2022.

s/Kenneth S. Montoya
Kenneth S. Montoya, OSB #064467
Attorney for Defendant Polk County

CERTIFICATE OF SERVICE