

# POLK COUNTY SHERIFF'S OFFICE
## MEMORANDUM
### SHERIFF MARK GARTON

**Date:** September 23, 2019

**To:** Lt. Dustin Newman

**From:** Sgt. Tyrone Jenkins

**Subject:** September 6, 2019 Use of Force, Case #19-2068

---

This Use of Force review is directed under Polk County Policy 5.01 (Use of Force) Section VII, Subsection B (Incident Review).

Under Subsection B (3) it states:

*The Sheriff's Office Review shall be based upon those facts, which were reasonably believed by the deputy at the time, applying legal requirements, office policy and procedures, and approved training to those facts. Facts later discovered, but unknown to the deputy at the time, can neither justify nor condemn a deputy's decision regarding use of force.*

In summary, I will be evaluating the following three areas:
1. Legal Authority (State Law, Case Law and Federal Standards – Graham Factors)
2. Policy and Procedures
3. Training

I have reviewed the following attachments, which were provided to me from Lt. Dustin Newman. Lt. Newman asked me to review Deputy Michael Smith's Use of Force regarding his arrest of Mr. Kevin Bratcher.

**ATTACHMENTS:**

- Memorandum from Sgt. Jason Ball to Lt. Dustin Newman
- PRIORS Incident Report #DAS19002068 by Dep. Michael Smith (Approved)
- PRIORS Supplemental Report #396644 by Sgt. Jason Ball (Approved)
- Dispatch CAD Response #DAS201909060021

---

*The Polk County Sheriff's Office provides sustainable quality programs and services that focus on the safety and security of our schools, homes, businesses and highways which contribute to the quality of life for every segment of our community."*



# POLK COUNTY SHERIFF'S OFFICE
# MEMORANDUM
### SHERIFF MARK GARTON

Involved Deputies: Dep. Michael Smith

Arrested Subject: Mr. Kevin James Bratcher (DOB: 4/29/1976)

## POLICY REVIEW:

Policy 5.01 – Use of Force:
- No Violation of this policy. I will reference listed ORS's from this Policy under the Legal Authority section.

Policy 6.05 – Search, Apprehension and Arrest:
- No Violation as his actions were covered under "Warrantless Searches".
    - Exigent Circumstances
        - Hot Pursuit

Policy 1.01 – Professional Ethics and Standards:
- Oath of Office – No Violation
- Mission Statement – No Violation
- Value Statement:
    - "We enforce the spirit of the law, **_using common sense, good judgement_** and compassion, all the while keeping in mind what is best for the community".
    - FINDINGS UNDER THIS POLICY:
        - *I believe common sense and good judgement may be difficult to corral at times, when <u>circumstances are tense, uncertain and rapidly evolving (Graham Factor).</u>* This will be addressed further under the TRAINING topic.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

---

*The Polk County Sheriff's Office provides sustainable quality programs and services that focus on the safety and security of our schools, homes, businesses and highways which contribute to the quality of life for every segment of our community."*

County 0003



# POLK COUNTY SHERIFF'S OFFICE
# MEMORANDUM
### SHERIFF MARK GARTON

- Law Enforcement Code of Ethics (Section IX – Professional Conduct):
    - "In the performance of his duty to serve society, a deputy is often called upon to make difficult decisions. He must *exercise discretion in his situations where his rights and liabilities and those of the Office hinge upon his conduct and judgement.* A deputy's decisions are not easily made, and occasionally they involve a choice, which may cause him hardship or discomfort. A deputy must be faithful to his oath of office, the principles of his professional police service, and the objectives of the office; and in the discharge of his duty he *must not allow personal motives to govern his decisions and conduct.*"
    - FINDINGS UNDER THIS POLICY:
        - *Deputy Smith's actions were not unprofessional, they were made immediately without him taking the time to think about the process, actions and possible consequences. Again, this will be addressed under the TRAINING topic.*
- Law Enforcement Code of Ethics (Section IX, Subsection "C" – Courtesy).
    - "*Effective law enforcement depends on a high degree of cooperation between the Sheriff's Office and the public it serves. The practice of courtesy in all public contacts encourages understanding and appreciation; discourtesy breeds contempt and resistance.* The majority of the public are law-abiding citizens who rightfully expect fair and courteous treatment by Sheriff's Office employees. While the urgency of a situation might preclude the ordinary social amenities, *discourtesy under any circumstances is indefensible*. The practice of courtesy by a deputy is not a manifestation of weakness; it is, on the contrary, entirely consistent with the firmness and impartiality that characterizes a professional police officer."
        - FINDINGS UNDER THIS POLICY:
            - *Deputy Smith's initial contact with Mr. Bratcher and his comment about coming back at 3 a.m. seemed spiteful, more than informative.* **This comment by Dep. Smith was more likely than not the catalyst that set this incident in motion with Dep. Smith's actions.**
            - *Deputy Smith's return visit to Mr. Bratcher was problematic. I believe this second contact would have been fine, if Dep. Smith just accepted the fact he was there to smooth it over and sub-serve Mr. Bratcher. An apology followed up with a statement that he was legally authorized to attempt service at 3 a.m. was not needed. This act was followed up*

---

*The Polk County Sheriff's Office provides sustainable quality programs and services that focus on the safety and security of our schools, homes, businesses and highways which contribute to the quality of life for every segment of our community."*

County 0004



# POLK COUNTY SHERIFF'S OFFICE
# MEMORANDUM
### SHERIFF MARK GARTON

*with the paperwork being flipped into the home. Tossing it in the house or just laying it on the front porch served the same purpose.*

- Policy 1.02 – Sheriff's Office Standards:
  - Section VIII – General Conduct, Section "C" Conduct Toward the Public.
    - "Members shall be courteous in all contacts with the public"
  - Section XI – Violations of Personal Conduct, Section "B" Controversial Conduct (5):
    - "Members shall not take their frustrations out on others or allow such frustrations to lead to injury or **damage to persons or property.**"
    - FINDINGS UNDER THIS POLICY:
      - *Deputy Smith initially advised Sgt. Ball during his briefing with him that he wasn't sure why he kicked open Mr. Bratcher's door, but later clarified that he was in hot pursuit. I would expect a clear answer of hot pursuit and not the initial answer to Sgt. Ball as not knowing why he had kicked the door. Was that action done due to frustration, or was it calculated enough to know the hot pursuit exemption applied? From the totality of circumstances up to the point of seizing Mr. Bratcher in his home and his statement to Sgt. Ball that he wasn't sure why he kicked open the door, leads an outside observer to believe Deputy Smith responded emotionally to the criminal act, rather than implementing cognitive thinking.*

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

*The Polk County Sheriff's Office provides sustainable quality programs and services that focus on the safety and security of our schools, homes, businesses and highways which contribute to the quality of life for every segment of our community."*

County 0005



# POLK COUNTY SHERIFF'S OFFICE
## MEMORANDUM
### SHERIFF MARK GARTON

## LEGAL AUTHORITY REVIEW:

- Policy 5.01 – Use of Force referenced ORS's.
- **State Standards** in regards to our Use of Force Policy.
    - 133.235 (4): Arrest by Peace Officer
        - *Deputy Smith had Probable Cause to arrest Mr. Bratcher for Offensive Littering and Interfering with a Police Officer.*
    - 161.235: Physical Force in making an Arrest
        - *Deputy Smith was authorized to use physical force in making this arrest, due to its definition.*
            - "A peace officer is justified in using physical force upon another person only when and to the extent that the peace officer reasonably believes it necessary: 1. To make an arrest or to prevent the escape from custody of an arrested person unless the peace officer knows that the arrest is unlawful (which it was not unlawful).

- **Federal Standards**
    - Graham V. Connor (Graham Factors):
        - When discussing the Graham Factors and the amount of force used, we look at the "Objective Reasonableness" standard.
        - **Governmental Interest is**:
            - *Graham Factors + Totality of the Circumstances*
    - Graham Factors
        - ***Severity of the Crime***
            - Low Level Non-Violent Misdemeanor
        - ***Did the suspect pose an Immediate Threat to the officer/others?***
            - Mr. Bratcher did not show any intent, ability (means) or opportunity to threaten Deputy Smith.
        - ***Was the suspect Actively Resisting***
            - Deputy Smith advised Mr. Bratcher to "Stop", not that he was "under arrest", after throwing the civil papers in the roadway. Mr. Bratcher was not actively resisting at that time; however, it would be reasonable to believe that Mr. Bratcher would be about to resist, due to his actions of running away.
        - ***Was the suspect attempting to evade arrest by flight?***

---

*The Polk County Sheriff's Office provides sustainable quality programs and services that focus on the safety and security of our schools, homes, businesses and highways which contribute to the quality of life for every segment of our community."*

County 0006



# POLK COUNTY SHERIFF'S OFFICE
## MEMORANDUM
### SHERIFF MARK GARTON

- Deputy Smith told Mr. Bratcher to "Stop" after his Offensive Littering event. Mr. Bratcher told Sgt. Ball he did not hear Deputy Smith yell at him to stop; however, Mr. Bratcher's actions of running away and into the house indicated otherwise. If we are able to conclude that Mr. Bratcher ran away after being told to "Stop", then we must look at <u>severity of the crime and immediate threat</u> to determine appropriate force.
  - ***Were the circumstances tense, uncertain and rapidly evolving?***
    - The answer to this is "yes"; however, did Dep. Smith create the tense, uncertain and rapidly evolving event. The answer to that is also "yes".
      - Due to this being yes, we need to go back to <u>severity of the crime, immediate threat, actively resisting or evading by flight</u> to determine appropriate force.
  - Deorle v. Rutherford, does not apply to this review, due to Intermediate Force not being used.


- FINDINGS RELATED TO THE GRAHAM FACTORS
  - Deputy Smith was in hot pursuit of Mr. Bratcher after committing a low level non-violent Misdemeanor offense. Mr. Bratcher fled on foot and into his home, after being told to "STOP". Deputy Smith forced entry and was "Objectively Reasonable" with his use of force. The Governmental Interest was very low regarding this event. <u>Deputy Smith took physical control of Mr. Bratcher; however, not enough force to even warrant an internal Use of Force Report.</u>
    - Deputy Smith's physical force consisted of the following;
      - "Took ahold of his left arm and advised him he was under arrest"
      - "I tried to bring his arm behind his back in order to handcuff him, but he used physical strength to resist my effort"
      - "I gave Mr. Bratcher commands to get on the ground and to put his hands behind his back. He refused to do so and argued with me, demanding that I let him go. I warned him several times that I would Tase him, but after a few seconds I realized that although Mr. Bratcher was continuing to resist my attempt to place him into handcuffs, he was neither trying to assault me nor was he trying to flee. I decided to change my tactics while I waited for other officers to arrive"

---

*The Polk County Sheriff's Office provides sustainable quality programs and services that focus on the safety and security of our schools, homes, businesses and highways which contribute to the quality of life for every segment of our community."*

County 0007



# POLK COUNTY SHERIFF'S OFFICE
# MEMORANDUM
### SHERIFF MARK GARTON

- The referenced snapshots from Deputy Smith's report, clearly shows when his (Smith's) cognitive thinking began to catch up and process. It was at that point that he slowed down and worked through the challenge with the least amount of force necessary to take Mr. Bratcher into custody.
    - Deputy Smith ultimately had Mr. Bratcher sit down and then handcuffed him with his hands to the front.

- Review of the Fourth Amendment Seizure of Mr. Bratcher's property.
    - Stanton v. Sims Case Law out of 9th Circuit
        - Officer Stanton kicked open a gate in which a suspect had fled to. When he kicked the gate open, the property owner (Sims) was on the other side of the gate and was injured.
        - Sims filed suit against Stanton in Federal District Court, alleging that he unreasonably searched her home without a warrant in violation of the Fourth Amendment.
        - The District Court granted summary judgement to Stanton, findings:
            - Entry was justified. By the potentially dangerous situation, by the need to pursue the suspect as he fled, and by Sims' lesser expectation of privacy in the curtilage of her home, AND
            - Even if a Constitutional Violation had occurred, Stanton was entitled to qualified immunity because no clearly established law put him on notice that his conduct was unconstitutional.
        - Sims appealed, and a panel of the Court of Appeals for the Ninth Circuit REVERSED.
            - They ruled the entry was unconstitutional
            - No Immediate danger, AND
            - Suspect had committed only a minor offense (Misd).
        - 9th Circuit held that Stanton was not entitled to qualified immunity
        - 9th Circuit determined that Stanton was "plainly incompetent"
        - The Supreme Court of the United States reviewed this ruling and determined the judgement of the Ninth Circuit is reversed and the case was remanded for further proceedings consistent with this opinion.
        - The Supreme Court indicated the following; "We do not express any view on whether Officer Stanton's entry into Sims' yard in pursuit of Patrick was constitutional. They ruled that Stanton was not "plainly incompetent".

---

*The Polk County Sheriff's Office provides sustainable quality programs and services that focus on the safety and security of our schools, homes, businesses and highways which contribute to the quality of life for every segment of our community."*



# POLK COUNTY SHERIFF'S OFFICE
## MEMORANDUM
### SHERIFF MARK GARTON

- The courts will be looking at more and more of these to form opinions.
  - Stanton vs. Sims involved the 9th Circuit, which we are firmly attached to. Due to the trend and direction of the 9th Circuit, our actions are being scrutinized and our "qualified immunity" is being chipped away.
  - Although Stanton vs. Sims may be a future look at what's coming in the near future regarding 4th Amendment Seizures of property, it did not draw any clear lines to restrict our present State and Federal Guidelines.

- <u>Police Legitimacy and Use of Force</u>
  - Two Elements of legitimacy
    - Whether the officer is acting legally, AND
    - Whether the officer's actions are viewed by the public as legitimate.
  - Actions taken to aid in legitimacy is to communicate appropriately
    - Legally allowed to be there
    - Being conscientious of their own safety, BUT
    - Using poor interpersonal skills. Interpersonal treatment, means how we communicate or talk to the people we are interacting with.
    - One may be legally allowed to be in a place and act appropriate regarding officer safety; however, our legitimacy revolves around our interpersonal skills and treatment of others.
  - I believe the public we serve would expect us to make cognitive thinking decisions, rather than emotional driven decisions.

## TRAINING REVIEW

From the above review, our agency would benefit from a more critical mindset training atmosphere. We are lacking the training scenarios to allow deputies the ability to work through such events. The practical use of force training and its application in the field, from my personal experience, reviewing incident reports and reviewing internal use of force reports has been clearly objectively reasonable.

The training I am referring to is the "critical mindset" side of our actions. This involves cognitive thinking and the ability to slow things down, when appropriate, which allows for a more rounded decision/conclusion.

---

*The Polk County Sheriff's Office provides sustainable quality programs and services that focus on the safety and security of our schools, homes, businesses and highways which contribute to the quality of life for every segment of our community."*

County 0009



# POLK COUNTY SHERIFF'S OFFICE
## MEMORANDUM
### SHERIFF MARK GARTON

## CONCLUSION

- Deputy Smith's Use of Force was Objectively Reasonable.
- Deputy Smith's Fourth Amendment Seizure of the property was lawful under Hot Pursuit.
- Deputy Smith contributed to this event due to his poor interpersonal skills with Mr. Bratcher, from his initial statement about returning at 3 a.m. and then his return trip to smooth things over.
- Deputy Smith also errored in his judgement by not slowing things down once the offensive littering crime was committed.
- Our office is also responsible for providing relevant critical thinking training, involving such decision making.
- During this review, I found no biases by Dep. Smith.

## CORRECTIVE ACTIONS

- Corrective Counseling Memorandum to Deputy Smith regarding two areas
    - Being Courteous in the face of ignorance
    - Decision Making
        - The need to slow down
        - Determine additional options when appropriate
- Training for the office
    - Work with Lt. Newman and Sgt. Kevin Haynes to put some critical thinking trainings together. This would be a great time to introduce the "Priority of Life" (POL) scale – Force Science Institute training available.
    - NOTE: Although our office is in need of this training, it does not mitigate Deputy Smith's known responsibility to be courteous and flexible with his decisions.

*The Polk County Sheriff's Office provides sustainable quality programs and services that focus on the safety and security of our schools, homes, businesses and highways which contribute to the quality of life for every segment of our community."*

| | |
|---|---|
| From: | Ball, Jason on behalf of Ball, Jason <ball.jason@co.polk.or.us> |
| To: | Dustin Newman |
| Subject: | Bratcher Memo |
| Date: | Thursday, September 19, 2019 11:21:59 AM |

Hey Lt.,

I resubmitted the memo with corrections and added the paragraph we discussed.

Thanks,

Jason

--
Sergeant Jason Ball
Polk County Sheriff's Office
850 Main St
Dallas, OR 97338
503-623-9251